IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00285-BNB

JEREMY PINSON,

    Plaintiff,

v.

A. BALSICK,
N. LEE,
G. SANDUSKY,
OFFICER SCHMIDT,
D. LAW,
SHEN KUTA,
DAVID BERKEBILE,
OFFICER CERMAK,
SEAN SNIDER, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Jeremy Pinson, is in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary-ADX in Florence, Colorado. On February 13, 2014, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint that alleges a violation of his constitutional rights. He seeks money damages and provision of all scheduled meals.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

Court will dismiss this action with prejudice for failure to exhaust administrative remedies.

On March 21, 2014, the Court found that because Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g) and he is aware of the pleading standard he must meet for the Court to waive § 1915(g) restrictions, he is precluded from bringing any of the claims asserted in this action without payment of the $400 filing fee, except for the January 11, 2014 incident alleged against Defendant Schmidt.  Plaintiff was given thirty days from the date of the March 21 Order to pay the fee in full if he elected to proceed with all of his claims.

The Court also discussed in the March 21 Order Plaintiff's history of abusive litigation, including his propensity to (1) voluntarily dismiss actions and delay the processing of cases even after he has asserted imminent danger; (2) present unbelievable claims; and (3) submit fraudulent documents to the Court.  In this case, Plaintiff represents to the Court that he has exhausted all of the claims.  The Court took notice of the Administrative Remedy Generalized Retrieval Report that Warden Berkebile submitted in *Pinson v. Berkebile*, No. 14-cv-00423-BNB (D. Colo. Filed Feb. 14, 2014), and determined that the Report showed no entries confirming Plaintiff's exhaustion of the claims he raises in this action, even though he was able to submit seventy-eight remedy requests or appeals since November 2012.  The Court then requested that Defendants submit a report stating whether Plaintiff has exhausted the issues he presents in this action and what formal or informal complaints he submitted to BOP prison staff regarding any of the issues.

Within a week of the March 21 Order, Plaintiff filed a Motion to Dismiss.  Plaintiff asserts in the Motion that he seeks to dismiss this lawsuit "pursuant to an informal

agreement with Executive Staff at ADX Florence with who plaintiff agreed to voluntarily dismiss" this case and other pending cases "during a discussion with ADX Warden David Berkebile on March 12, 2014." Mot., ECF No. 11. The Court takes notice of a response filed by counsel, on Warden David Berkebile's behalf, pursuant to court order in *Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 120 (D. Colo. Filed May 28, 2013), regarding the same Motion to Dismiss that Plaintiff had also filed in Case No. 13-cv-01384. In the response, Warden Berkebile asserts that he talked with Plaintiff during the week of March 10, 2014, about opportunities for him to transition to less secure housing as long as he demonstrates a commitment to participating in recommended programs. *Id.* at 5. Warden Berkebile further asserts that he did not offer any agreement for dismissal of Plaintiff's cases and did not discuss with Plaintiff any informal agreement with ADX executive staff, regarding a voluntary dismissal of his cases, or authorized anyone else to offer any agreement. *Id.* Plaintiff's Motion is another example of his dishonesty.

On April 1, 2014, the United States Attorney, on behalf of Defendants, responded to the Court's March 21 Order and confirmed that Plaintiff had not exhausted the January 11, 2014 incident alleged against Defendant Schmidt or any of the other claims asserted against any Defendant in the Amended Complaint. Report, ECF No. 14, at 3. Plaintiff filed a Reply to the Response on April 9, 2014, and requested sanctions because defense counsel lied to the Court. Plaintiff asserts that counsel lied when he claimed that "plaintiff filed absolutely nothing related to the claims in this case." Reply, ECF No. 15.

After reviewing the Report and Plaintiff's Reply, the Court finds that Plaintiff did not exhaust his administrative remedies with respect to the claims he raises in this

action.  In the Reply, Plaintiff provides a copy of a remedy request he submitted as "sensitive" to the regional office that claims Defendant Schmidt made sexual remarks to him and assaulted him.  Reply at 4.  The request does not specifically address Plaintiff's claim that Defendant Schmidt hit him in the nose and caused severe pain, bleeding, and a deviated septum.  Nonetheless, Plaintiff filed this action on January 30, 2014, the same day the regional office dated a response to his sensitive remedy request and told him if he was dissatisfied with the response to appeal to general counsel.  Reply at 5.  At the time Plaintiff submitted this claim, he had not exhausted his administrative remedies.

Furthermore, Plaintiff's assertion that he has presented and exhausted all other issues in the Complaint is not supported by the documents he has attached to the Reply.  The attached remedy request that Plaintiff claims proves he has exhausted his claims regarding other issues raised in this action does not identify the specific issues addressed by the central office.  Reply at 8.  The Court finds Plaintiff's claim of exhaustion incredible and any request for sanctions against Defendants' counsel malicious and abusive.

Based on the above findings, the Court will deny the Motion to Dismiss and dismiss the action with prejudice for the following reasons.  Plaintiff has not paid the filing fee within the time allowed.  The only claim not subject to dismissal because Plaintiff failed to pay the filing fee is the claim involving the January 11, 2014 incident against Defendant Schmidt.  The Court, however, finds this claim, as well as the other claims, are subject to dismissal for failure to exhausted administrative remedies.

Ordinarily dismissal of an unexhausted claim is dismissed without prejudice, rather than with prejudice.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir.

2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).  Because Plaintiff did not exhaust his administrative remedies prior to filing this action, but asserts he did in the Complaint, the Court finds Plaintiff again is engaging in abusive litigation in this Court.  This is not the first time that Plaintiff has filed an action only to have it dismissed at a later date because he has failed to exhaust his administrative remedies.[1]

A dismissal of this action with prejudice is justified.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Plaintiff's continual filing of unexhausted claims prejudices defendants, because they must address the claims even though they are improperly filed, and interferes with the efficient use of the Court's limited resources.  Plaintiff is aware of the need to exhaust his remedies before initiating a prisoner complaint in this Court, and based on his disregard of this requirement dismissal with prejudice is a proper sanction.  *Id.*

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

---

[1] *See Pinson v. St. John, et al.*, No. 10-cv-01832-RBP-HGD (N.D Ala. Feb. 25, 2013) (claims legal mail opened outside his presence in complaint and injunctive motion; injunctive motion denied; dismissed for failure to pay initial partial filing fee; motion to vacate dismissal, which was granted; court ordered special report about claims; Pinson filed motion for default judgment regarding special report that was not signed and was stricken; Circuit withdrew order to allow partial payments because Pinson conceded he is subject to § 1915(g) restrictions; special report treated as motion for summary judgment, recommendation entered for dismissal with prejudice finding Pinson failed to exhaust and the remedy no. he claims is associated with the exhaustion was not submitted during the time period at issue, ECF No. 44 at 10, Pinson now is time barred from pursuing an administrative remedy); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 07-cv-00346-RC-KFG (E.D. Tex. Aug. 2, 2007) (recommendation to dismiss for failure to exhaust remedies; Pinson then filed notice of voluntary dismissal that was granted); *Pinson v. Watkins, et al.*, No. 06-cv-00323-F (W.D. Okla. May 9, 2007) (claims failure to protect and identified as snitch; Pinson was appointed counsel; action was dismissed in part without prejudice for failure to exhaust claim and in part with prejudice as procedurally barred due to untimely grievance).

denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Motion to Dismiss, ECF No. 11, is denied. It is

FURTHER ORDERED that the Complaint and the action are dismissed with prejudice based on the above findings. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the Motion for Sanctions, ECF No. 15, is denied as abusive.

DATED at Denver, Colorado, this  1st  day of    May           , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court